## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW FOLEY, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| KEYSTONE LAW LLC, | |
| Defendant(s). | |

## LOCAL CIVIL RULE 10.1 STATEMENT

1.    The mailing addresses of the parties to this action are:

MATTHEW FOLEY
3856 Nottingham Way
Hamilton, New Jersey 08690

KEYSTONE LAW LLC
2006 Swede Road, Suite 100
E. Norriton, Pennsylvania 19401

## PRELIMINARY STATEMENT

2.    Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, KEYSTONE LAW LLC ("KEYSTONE LAW") and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).  This is an action for violations of 15 U.S.C. § 1692 *et seq.*

4.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.      Plaintiff is a natural person, a resident of Mercer County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      KEYSTONE LAW maintains a location at 2006 Swede Road, Suite 100, East Norriton, Pennsylvania 19401.

8.      KEYSTONE LAW uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.      KEYSTONE LAW is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.      John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## **CLASS ACTION ALLEGATIONS**

11.    Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from KEYSTONE LAW (See Exhibit A) which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a.    Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**)**.** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i.    Whether the Defendants violated various provisions of the FDCPA as set forth herein:

   ii.   Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv.   Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16.     Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.     At some time prior to October 25, 2021, Plaintiff allegedly incurred a financial obligation to CAPITAL HEALTH MEDICAL GROUP ("CAPITAL HEALTH MEDICAL") - a medical service provider.

19.     The CAPITAL HEALTH MEDICAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20.     Plaintiff allegedly incurred the CAPITAL HEALTH MEDICAL obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21.     The CAPITAL HEALTH MEDICAL obligation did not arise out of a transaction that was for non-personal use.

22.     The CAPITAL HEALTH MEDICAL obligation did not arise out of transactions that were for business use.

23.     The CAPITAL HEALTH MEDICAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     CAPITAL HEALTH MEDICAL is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.     On or before October 25, 2021, CAPITAL HEALTH MEDICAL or an intermediary referred the CAPITAL HEALTH MEDICAL obligation to KEYSTONE LAW for the purpose of collections.

26.     At the time the CAPITAL HEALTH MEDICAL obligation was referred to KEYSTONE LAW, the CAPITAL HEALTH MEDICAL obligation was in default.

27.     Defendant caused to be delivered to Plaintiff a letter dated October 25, 2021, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

28.     The October 25, 2021 letter was sent to Plaintiff in connection with the collection of the CAPITAL HEALTH MEDICAL obligation.

29.     The October 25, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30.     The October 25, 2021 letter is the initial written communication sent from Defendant to the Plaintiff regarding the CAPITAL HEALTH MEDICAL obligation.

31.     Upon receipt, Plaintiff read and relied on the statements contained the October 25, 2021 letter.

32.     The October 25, 2021 letter provided the following information regarding the balance claimed due on the CAPITAL HEALTH MEDICAL obligation:

AMOUNT DUE: $271.96

33.     The October 25, 2021 letter stated in part:

Dear MATTHEW FOLEY,                                                                    ID #:5441861

I am a legal assistant with Keystone Law LLC. Your account has been referred to this office. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account, nor is any legal action now being taken against you. This is an attempt to collect a debt by a debt collector.

The amount due indicated above may not reflect payments you may have made during any initial conversation with this office. All checks received may be processed electronically.

To make a payment online, visit www.PayKeystone.com. Your account number is: 5441861.

Respectfully submitted,                          Mail To:  Keystone Law LLC
Mr. Brungart; Extension 8050                              2006 Swede Rd, Suite 100
Legal Assistant                                          E. Norriton, PA 19401
Collections Department

34.    The October 25, 2021 letter also stated in part:

FAIR DEBT COLLECTION PRACTICES ACT WARNING REQUIRED FOR CONSUMER DEBTS PURSUANT TO 15 U.S.C. 1692e(11) & 1692g:

This is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify us within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, we shall assume this debt is valid. If you notify us in writing within 30 days after receiving this notice; (a) that this debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you, and we will mail a copy of same to you; and/or (b) that you request the name and address of the original creditor, we will provide you with the name and address of the original creditor, if different from the current creditor.

> The required warnings contained herein do not alter rights that may otherwise be available.

35.    The October 25, 2021 letter does not identify the name of the responsible attorney to whom questions should be directed by Plaintiff nor does it provide the name of any attorney associated with KEYSTONE LAW.

36.    The October 25, 2021 letter is not signed by any attorney at KEYSTONE LAW.

37.    The October 25, 2021 letter was not authored or sent by any attorney at KEYSTONE LAW.

38.    The October 25, 2021 letter was purportedly sent by a "legal assistant with Keystone Law" identified in the letter as Mr. Brungart.   Mr. Brungart is an alias and not the actual name of the sender of the October 25, 2021 letter.

39.    The October 25, 2021 letter does not contain the true legal name of the sender of the letter.

40.    The non-attorney sender of the October 25, 2021 letter knowingly sent the letter to Plaintiff and acted in his or her capacity with KEYSTONE LAW.

41.    The October 25, 2021 letter advises Plaintiff at least twice that:

"This is an attempt to collect a debt by a debt collector."

"This is from a debt collector and is an attempt to collect a debt."

42.    The October 25, 2021 letter advises Plaintiff that he has rights that he can exercise under the FDCPA.

43.    The October 25, 2021 letter also advises Plaintiff that the "required warnings" given to Plaintiff pursuant to the FDCPA "do not alter rights that may otherwise by available."

44.    The October 25, 2021 letter creates and/or reinforces the false impression as to its source.

45.    In addition, the October 25, 2021 letter creates and/or reinforces the false impression that it was sent by someone authorized to practice law in New Jersey.

46.    The unauthorized practice of law violates New Jersey law and is a crime. See N.J.S.A. 2C-21-22.

47.    A violation of New Jersey laws, despite no private cause of action, can form the basis of a violation of the FDCPA. See *Chulsky v. Hudson Law Offices, P.C.,* 777 F.Supp.2d 823 (D.N.J. 2011).

48.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

49.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

50.     KEYSTONE LAW knew or should have known that its actions violated the FDCPA.

51.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

52.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

      (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

      (b)     Falsely representing that an individual is an attorney or that any communication is from an attorney; and

      (c)     Using any written communication which creates a false impression as to its source, authorization or approval.

53.     Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

54.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

55.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

56.     Defendant's October 25, 2021 letter violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; §1692e(3); §1692e(9); and § 1692e(10).

57.     Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

58.     Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

59.     As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

60.     Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

61.     As described herein, Defendants violated 15 U.S.C. § 1692e(3).

62.     As described herein, Defendants violated 15 U.S.C. § 1692e(9).

63.     As described herein, Defendants violated 15 U.S.C. § 1692e(10).

64.     Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

65.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

66.     Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

67.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

68.     Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

69.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

70.     Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

Dated: March 10, 2022                                    Respectfully submitted,

                                        By:    *s/ Joseph K. Jones*
                                               Joseph K. Jones, Esq. (JJ5509)
                                               JONES, WOLF& KAPASI, LLC
                                               375 Passaic Avenue
                                               Fairfield, New Jersey 07004
                                               Phone: (973) 227-5900
                                               Fax: (973) 244-0019
                                               Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court,

arbitration or administrative proceeding.

Dated: March 10, 2022

                                               *s/ Joseph K. Jones*
                                               Joseph K. Jones, Esq. (JJ5509)
                                               Joseph K. Jones, Esq. (JJ5509)
                                               JONES, WOLF& KAPASI, LLC
                                               375 Passaic Avenue
                                               Fairfield, New Jersey 07004
                                               Phone: (973) 227-5900
                                               Fax: (973) 244-0019
                                               Attorneys for Plaintiff

# EXHIBIT

# A

# KEYSTONE LAW LLC.

2006 Swede Road Ste 100 | East Norriton, PA 19401
Phone: 877-444-4655 | Fax: 610-239-7546
Monday - Friday 8am - 5pm

October 25, 2021

CURRENT CREDITOR: Capital Health Medical Group

AMOUNT DUE: $271.96

Dear MATTHEW FOLEY,

ID #: ▮▮▮▮▮

I am a legal assistant with Keystone Law LLC. Your account has been referred to this office. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account, nor is any legal action now being taken against you. This is an attempt to collect a debt by a debt collector.

The amount due indicated above may not reflect payments you may have made during any initial conversation with this office. All checks received may be processed electronically.

To make a payment online, visit www.PayKeystone.com. Your account number is: ▮▮▮▮▮▮

Respectfully submitted,
**Mr. Brungart; Extension 8050**
Legal Assistant
Collections Department

**Mail To:  Keystone Law LLC**
        **2006 Swede Rd, Suite 100**
        **E. Norriton, PA 19401**

FAIR DEBT COLLECTION PRACTICES ACT WARNING REQUIRED FOR CONSUMER DEBTS PURSUANT
TO 15 U.S.C. 1692e(11) & 1692g:

This is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify us within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, we shall assume this debt is valid. If you notify us in writing within 30 days after receiving this notice; (a) that this debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you, and we will mail a copy of same to you; and/or (b) that you request the name and address of the original creditor, we will provide you with the name and address of the original creditor, if different from the current creditor.

| The required warnings contained herein do not alter rights that may otherwise be available. |
| --- |

LJC2-1025-1637960050-01676-3180

ID #: ▮▮▮▮▮
AMOUNT DUE: $271.96
CURRENT CREDITOR: Capital Health Medical
Group

DEPT 567
PO BOX 4115
CONCORD CA 94524

▮▮▮▮▮▮▮▮▮▮

ADDRESS SERVICE REQUESTED

**Want payment reminders?**
Enter your email address below to receive
reminders from Keystone Email Support:

_____

MATTHEW FOLEY
▮▮▮▮▮▮▮

**Mail To:**

KEYSTONE LAW LLC
2006 SWEDE RD. SUITE100
E. NORRITON PA 19401